United States District Court

*District of Columbia*



FILED

JUL 25 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHARLIE RICHARDSON
P. O. Box 0144
Cabin John, MD 20818 )
)  CASE NUMBER 1:05CV01470
)
)  JUDGE: Emmet G. Sullivan
)
Plaintiff, )  DECK TYPE: Civil Rights (non-employment)
)                     25
vs. )  DATE STAMP: 07/**/2005
)
GORDON R. ENGLAND )     Jury Trial Demanded)
SECRETARY OF THE NAVY )
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000 )
)
Defendant. )



**COMPLAINT**

Plaintiff, Charlie Richardson, pro se, for his complaint-alleging race Discrimination and reprisal against the Defendant, Gordon R. England Secretary of the Navy alleges as follows:

**The Parties**

1. Plaintiff Charlie Richardson is a 50 year old black, citizen of the United states, Currently residing in the United States of America. At all times relevant to the allegations leading to this action, Plaintiff was employed by the government of the United States of America, in the United States Navy, NSWCCD at 9500 MacArthur Blvd West Bethesda, MD 20817-5700 and was qualified to perform Duties as the NG-03 Assistant

2. The United States Navy is an executive department of the federal government, subject To the laws of the United States of America, including the First and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. 1983.

1

3. Defendant Gordon R. England is now and at all times mentioned was, a resident of the United States of America, is now on the staff of the United States Navy in the position of Secretary of the Navy.

### Jurisdiction & Venue

4. Plaintiff Charlie Richardson has exhausted his administrative remedies under Title VII with the

U.S. Equal Employment Opportunity Commission.

5. Plaintiff Charlie Richardson has jurisdiction under 28 U.S.C. 1331 and 1343 on

The ground that this action arises under the First and Fourteenth Amendments to the U.S.

Constitution, and under 42 U.S.C. 1983. Plaintiff invokes this Court's jurisdiction under

Title VII of the Civil Rights Act of 1964.

6. The venue of this action is properly placed in the District of Columbia pursuant to

28 U.S.C. 1391 (e) as Defendant is the Secretary of a United States government agency.

### Statement of Facts

7. Plaintiff Charlie Richardson has been employed by the United States government since 1974. From 1974 to 1995 as a soldier in the US Army, and from 1996 to present working for DOD as a civilian. At the time of this instant complaint, Plaintiff had been working at NSWCCD for approximately 5 months.

8. During the entirety of his last 9 years year's performance evaluation, he received excellent Performance ratings.

9. At all times relevant to this litigation Plaintiff Charlie Richardson performed all the duties assigned to him in a professional and competent manner, and faithfully followed all reasonable instructions given by him his supervisor (s) abiding by all the rules and regulations of the Defendant, The United States Navy.

10. Throughout most of Plaintiff Charlie Richardson's employment with the Defendant, the United

States Navy, Plaintiff Charlie Richardson received awards, honors, and increasing responsibility with no criticism of her job performance.

11. Plaintiff Charlie Richardson is a 50 year old, black male currently residing in Montgomery County Maryland, in the United States.

12. Plaintiff was continuously racially discriminated against and reprised against by the Defendant and Defendants representatives when on June 4 2004 when Mr. Ben P. Persinger disapproved Plaintiffs request for a 60-day extension on his temporary housing. Mr. Persinger seem to have been more interested in the previous EEO case that Plaintiff filed against his previous unit in Germany. He also tried to intimate Plaintiff by telling him over and over that Ms. Patricia Barrett HRO did not have anything to do with his coming to (NSWCCD) he also asked Plaintiff if there had been a settlement in his EEO case.

On August 3, 2004, Mr. Persinger decided to tell Plaintiff that he was transferring him to the Fleet and industrial Supply Center (FISC)

On August 25, 2004 Mr. Persinger refused to accept Plaintiff's explanation and his new supervisors Mr. Daniel Smith explanation as to why Plaintiff was late for a meeting.

On September 1, 2004, Mr. Persinger disapproved Plaintiff's request for leave after it had already been approved by the second line supervisor Ms Johnnie Faye Britter and refused to give him a reason for disapproving his leave in writing.

On September 23, 2004, Mr. Smith singled Plaintiff out when he asked one of his work colleges, Ms. Carrie Henson if she knew if Mr. Richardson signed in or not and if she knows where Mr. Richardson signed in on the sign in sheet.

The above stated reprisal for filling a previous EEO complaint, and racial discrimination by the Defendant and the above named administrators has caused Plaintiff to have to work in a hostile working environment, finical lost, un-due stress, pain, and suffering on both Plaintiff's and his family..

Because of the Agency's racial discrimination, and reprisal Plaintiff is entitled to damages and equitable relief from the court.

WHEREFORE, Plaintiff prays the Court for a judgment as follows:

1) For compensation , subject to proof, in the amount of $300,000;

2) For economical damages, subject to proof, in the amount of $100,000

3) For equitable relief by an order to allow Plaintiff's return to Germany and an extension of Plaintiff's overseas tour for at least a 3 year period;

4)  For a promotion, retroactive to March 2004, to the position of Director of Logistic GS-11 or equivalent position, with pay and benefits.

5)  For such other relief as the Court deem proper and just.

## Demand for Jury Trial

Plaintiff Charlie Richardson demands jury on all issues triable by a jury.

Respectfully submitted

*Charlie Richardson*
Attorney Pro Se

Date:  June 6, 2005



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Charlie Richardson,
Complainant,

v.

Gordon R. England,
Secretary,
Department of the Navy,
Agency.

Appeal No. 01A52004

Agency No. 05-00167-00205

## DECISION

Charlie Richardson (complainant) filed an appeal from the December 3, 2004, final decision of the Department of the Navy (agency) dismissing the above-referenced complaint. Complainant claimed a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. The appeal is timely filed (see 29 C.F.R. § 1614.402(a)) and is accepted in accordance with 29 C.F.R. § 1614.405.

Complainant contacted an EEO counselor on October 21, 2004, and filed his formal complaint on November 19, 2004. In his complaint, complainant claimed discrimination based on race (black), sex, age (DOB 7/12/1955), and in reprisal for prior EEO activity at his previous employing agency with regard to six events from June 4 to September 22, 2004. In its final decision, the agency dismissed the first five issues (#1-#5) for untimely EEO counselor contact and the final issue (#6) for failure to state a claim. On appeal, complainant claimed that his six issues constituted a continuing violation. The agency disputed that complainant stated a continuing violation.

The Commission's regulations require that a complainant bring his/her complaint to the attention of an EEO counselor within 45 days of an alleged discriminatory event or the effective date of an alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(2). The record shows that issues #1-#5 occurred more than 45 days prior to his EEO contact, and complainant did not offer any explanation or justification for the delay. The agency dismissed issue #6 for failure to state a claim, that is, for failure to present a harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. 29 C.F.R. § 1614.107(a)(1). We agree with the

agency that issues #1-#5 are properly dismissed for untimely EEO contact and that issue #6 fails to state a claim. Because #6, the only allegation within the 45-day period, is properly dismissed, it cannot serve as the basis of a continuing violation claim.[1] *See National Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

After a review of the record, including statements and arguments not addressed herein, based on the reasons above, we find that the agency properly dismissed the complaint.

## CONCLUSION

Accordingly, the agency's decision was proper and is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

---

[1] In a hostile environment claim, the entire claim may be actionable as long as at least one incident that is part of the claim occurred within the filing period. *See National Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).


3    01A52004

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

APR 2 2 2005

Date

4                                                                01A52004

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

APR 2 2 2005
_____
Date

*H. Ward*
_____
Equal Opportunity Assistant